KARREN KENNEY, State Bar #174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626

Telephone: (855) 505-5508
E-Mail: KARREN.KENNEY@GMAIL.COM

*Attorneys for Mahender Makhijani*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

MAHENDER MAKHIJANI ,

*Defendant.*

Case No.: SACR 26-00087-DOC

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S EX PARTE APPLICATION FOR PROTECTIVE ORDER**

Defendant Mahender Kalicharan Makhijani, through counsel, respectfully submits this limited opposition to the Government's Ex Parte Application and separately lodged Proposed Protective Order. Dkts. 84 and 84-1.

## I. RELEVANT FACTUAL CIRCUMSTANCES

Defendant is currently detained pending trial. The discovery reportedly exceeds one terabyte and consists substantially of business records, bank records, emails, contracts, and transaction documents. The Government acknowledges that

PII appears throughout these records and frequently has evidentiary value. Dkt. 84 at 3.

Defense counsel has learned that the detention facility has only one computer available for inmate discovery review and that, because numerous inmates require access, Defendant is generally limited to approximately 30 minutes of review time per day. Even if Defendant received 30 minutes of uninterrupted access every day of the year, that would amount to only approximately 182 hours annually. In practice, access may be further reduced by scheduling conflicts, institutional operations, lockdowns, technical problems, attorney visits, and court appearances.

Thirty minutes per day is manifestly inadequate for reviewing more than one terabyte of discovery in a document-intensive bank-fraud prosecution. Defendant's knowledge of the businesses, transactions, communications, and participants is essential to identifying relevant evidence, testing the Government's allegations, and assisting counsel.

The proposed order permits Defendant to review PII material independently, but that authorization has little practical value unless Defendant receives sufficient time and equipment to conduct the review. The order is silent about those essential details.

## II. LEGAL STANDARD

The Court has broad discretion to regulate discovery, but that discretion should be exercised consistently with Defendant's right to the effective assistance of counsel and a meaningful opportunity to prepare his defense.

Federal Rule of Criminal Procedure 16(d)(1) permits the Court, for good cause, to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Any restrictions should be tailored to the interests requiring protection and should not unnecessarily impair the defense's ability to prepare for trial.

Rule 16.1(b) expressly authorizes the Court to determine or modify "the time, place, manner, or other aspects of disclosure to facilitate preparation for trial." The

Advisory Committee explained that this authority is particularly important in cases involving voluminous or complex electronically stored information. The Court therefore has authority to protect legitimate privacy and witness-safety interests while requiring a disclosure and custodial-access protocol that gives the defense a practical opportunity to review and use the production.

## III. THE PROPOSED DEFINITIONS AND DESIGNATION PROCEDURES ARE OVERBROAD

A. The PII Definition Encompasses Almost Every Meaningful Record

Paragraph 6(b) defines “PII Materials” to include any information that can identify a person, including a name, address, telephone number, account number, and email address. Dkt. 84-1 at 3. Paragraph 6(c) then defines “Confidential Information” as any document containing either PII or CI material. Id. at 4.

In a prosecution centered on businesses, loans, bank accounts, communications, and financial transactions, nearly every meaningful record will contain at least a person’s name, email address, telephone number, or account number. The proposed definition consequently allows nearly the entire production to be treated as Confidential Information without an individualized determination that the document presents an actual privacy or safety concern.

Defendant does not object to restrictions against public dissemination or non-litigation use of these records. Defendant objects to using the incidental appearance of ordinary identifying information to justify restrictions that interfere with his own review and use of the evidence.

**B. The Government May Designate Entire Folders Without Identifying the Protected Material**

Paragraph 6(e) permits the Government to place a single confidentiality legend on an entire digital medium or folder. Dkt. 84-1 at 4. That provision permits blanket designation of potentially enormous collections without identifying which

documents contain PII, which contain cooperating-witness information, and which contain neither.

Although paragraph 6(f) allows Defendant to challenge a designation, that procedure places the burden on Defendant to identify and challenge over-designated documents within a production exceeding one terabyte. Defendant cannot realistically perform that task while limited to approximately 30 minutes of computer review per day.

The Government should be required to segregate the production into separately labeled categories and identify CI material by Bates range, filename, or a separately marked folder containing only CI material. Folder-level designation should be permitted only when every document in the folder falls within the stated category.

**C. Mixed Documents Automatically Receive the Most Restrictive Treatment**

Paragraph 6(p) provides that any document containing both CI material and another category of Confidential Information must be handled entirely under the CI provisions. Dkt. 84-1 at 7. Because "CI Materials" includes broadly defined information "relating to" a cooperating witness's statements or anything that could identify that person, this provision could prevent Defendant from independently reviewing otherwise ordinary business records merely because a cooperating witness is named somewhere in the document.

The Court should require the Government, where reasonably practicable, to redact or segregate the portion creating the CI concern and provide Defendant an independently reviewable version of the remaining document. At minimum, the Government should identify the specific basis for applying the CI designation to a disputed document.

## IV. THE ORDER FAILS TO PROVIDE A WORKABLE METHOD FOR DEFENDANT TO REVIEW THE DISCOVERY

The Government emphasizes that its revised order allows Defendant to review PII material without Defense Team supervision. Dkt. 84 at 5. Defendant acknowledges that revision. But the lodged order does not address where, when, or how Defendant will review more than one terabyte of electronically stored discovery.

It is not feasible for defense counsel or staff to display and explain every relevant document during legal visits. Nor can Defendant meaningfully perform that work in 30-minute increments on a single shared facility computer. Without a practical review protocol, the nominal ability to review PII independently does not provide meaningful access.

The Court should direct the Government, the United States Marshals Service, and the detention facility to meet and confer with defense counsel and establish a protocol providing:

1. Access to a dedicated or reasonably available offline discovery-review device capable of searching, organizing, and displaying the production;
2. Extended and recurring review blocks substantially exceeding 30 minutes per day;
3. Independent access to all non-CI discovery;
4. A secure means of storing Defendant's litigation notes as confidential legal materials;
5. A procedure for communicating those notes to counsel; and
6. Prompt notice to defense counsel when institutional or technical conditions materially interrupt Defendant's access.

Defendant should not be deemed to have received meaningful discovery merely because the Government delivered a hard drive that he lacks a realistic opportunity to examine.

**V. THE NOTE-TAKING PROVISION REQUIRES CLARIFICATION**

Paragraph 6(j) prohibits Defendant from recording CI information and specified categories of PII except to the extent permitted by Rule 49.1(a). Dkt. 84-1 at 5. Paragraph 6(m), however, recognizes that Defendant may create notes containing Confidential Information and provides that such notes become subject to the protective order. Id. at 6.

These provisions should be clarified to avoid inconsistent interpretations by the detention facility. Defendant understands the order to permit him to make and retain litigation notes containing:

1. Bates numbers and filenames;
2. Document dates and descriptions;
3. Names of persons and business entities;
4. Email addresses and telephone numbers when relevant to the defense;
5. Transaction amounts;
6. The last four digits of Social Security, taxpayer-identification, and financial-account numbers;
7. The year of a person's birth;
8. The city and state of a home address; and
9. Defendant's factual observations, explanations, questions for counsel, and potential defenses.

Those notes can remain subject to the protective order and be maintained as confidential legal materials. The order should expressly provide that Defendant may retain such notes in the secure area designated by the detention facility for legal materials and may transmit them to defense counsel.

## VI. THE PROPOSED ORDER SHOULD NOT REQUIRE GOVERNMENT APPROVAL OF DEFENSE-TEAM PERSONNEL

Paragraph 6(i) now permits any member of the defined Defense Team to supervise Defendant's review of CI material. Dkt. 84-1 at 5. That revision

appropriately removes the prior provision requiring Government approval of individual Defense Team members.

The final order should preserve that revision. Any attorney, investigator, paralegal, litigation-support professional, or expert employed or retained by defense counsel and advised of the order should be permitted to assist in supervised review without advance approval by the prosecution.

**VII. THE WITNESS-REVIEW PROVISION IS UNNECESSARILY BROAD**

Paragraph 6(k) requires a Defense Team member to remain present whenever any Confidential Information is shown to any witness and prohibits the witness from retaining either the material or notes generated from it. Dkt. 84-1 at 5–6.

Because "Confidential Information" encompasses every document containing a name, email address, telephone number, or account number, this restriction applies to ordinary business records that may already belong to, have been authored by, or have been received by the witness. It could prevent defense counsel from providing a witness with that witness's own email or contract for review before an interview.

The order should distinguish genuine CI material and sensitive identifiers from ordinary business records. A witness should be permitted to receive or retain a document that the witness authored, received, previously possessed, or is otherwise lawfully entitled to possess, provided that protected identifiers belonging to others are redacted when appropriate. Any notes generated by a witness should be treated as protected materials rather than categorically prohibited.

**VIII. THE FILING PROVISION MUST COMPLY WITH LOCAL RULE 79-5**

Paragraph 6(n) states that a filing containing Confidential Information "should be made under seal." Dkt. 84-1 at 7. But a protective-order designation does not automatically establish that material may be filed under seal.

Any request to seal must comply with Local Rule 79-5 and the applicable standards governing public access to judicial records. The provision should therefore state that a party intending to file protected material must redact it when reasonably practicable or file an application for leave to file under seal pursuant to Local Rule 79-5. The mere designation of a document as Confidential Information should not, standing alone, establish that sealing is warranted.

**IX. THE PRIVACY ACT AUTHORIZATION SHOULD IDENTIFY THE CORRECT STATUTORY PROVISION**

Paragraph 4 states generally that disclosure of Privacy Act information is authorized under 5 U.S.C. § 552a(b). Dkt. 84-1 at 3. The specific exception for disclosure pursuant to a court order is § 552a(b)(11). The final order should identify subsection (b)(11), rather than § 552a(b) generally, to avoid ambiguity concerning the basis and scope of the authorized disclosure.

**X. THE EX PARTE APPLICATION DOES NOT ESTABLISH A NEED TO ENTER THE GOVERNMENT'S ORDER WITHOUT MODIFICATION**

The Government states that it sent current counsel a revised proposal on August 12, 2026, and filed its ex parte application on August 17, 2026. Dkt. 84 at 4. There is no allegation that Defendant has improperly disseminated, or threatened to disseminate, protected information. Nor is there evidence of an immediate safety event requiring entry of the Government's version before the Court can consider reasonable defense modifications.

Defendant is not attempting to delay production. Defendant is still trying to get out on bond, and to the contrary, Defendant seeks immediate production under an order that protects legitimate privacy and safety interests while allowing him a realistic opportunity to review the evidence if he is going to remain in custody.

The Government should not be permitted to condition production of the entire case on entry of terms that make the production practically unusable. If necessary, the Court can enter an interim order prohibiting dissemination and non-litigation use while directing the parties to complete a workable access protocol.

## XI. CONCLUSION

Defendant respectfully requests that the Court deny the Government's Ex Parte Application to the extent it seeks entry of the proposed order without modification.

Defendant requests that the Court instead enter a modified order providing that:

1. The Government must promptly produce all presently available discovery;
2. Ordinary discovery, PII material, and CI material must be separately identified and segregated;
3. CI material must be identified by Bates range, filename, or a separately designated folder containing only CI material;
4. Mixed documents must not automatically receive CI treatment when redaction or segregation of the protected portion is reasonably practicable;
5. Defendant may independently review ordinary discovery and PII material;
6. Defendant may make, retain, and transmit protected litigation notes consistent with Rule 49.1 and the protective order;
7. Any qualified Defense Team member may supervise Defendant's review of CI material without Government approval;
8. A witness may review and, where appropriate, retain a document the witness authored, received, previously possessed, or is otherwise lawfully entitled to possess, subject to appropriate redaction;
9. Any application to file material under seal must comply with Local Rule 79-5;
10. The Privacy Act provision must refer specifically to 5 U.S.C. § 552a(b)(11);

11. The Government, the United States Marshals Service, and the Santa Ana Jail must meet and confer promptly with defense counsel regarding adequate computer equipment, review time, note storage, and communication with counsel; and
12. Either party may seek prompt modification if experience demonstrates that the order interferes with discovery access, trial preparation, privacy, or witness safety.

Alternatively, Defendant requests that the Court enter an interim no

Dated: August 17, 2026

Respectfully submitted,

*Karren Kenney*

Karren Kenney
Attorney for Mahender Makhijani