UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER ON MOTION FOR RECONSIDERATION OF BOND**

Before the Court is the Government's Motion for Reconsideration of Bond. (Dkt No. 59.) Defendant filed an Opposition. (Dkt. No. 70.) The Government filed a Reply (Dkt. No. 71.) The Court held a hearing on the motion on August 11 and 13, 2026. The Court heard testimony from four witnesses offered by Government and cross-examined by Defendant: (1) Kyra Andrassy, chapter 11 bankruptcy counsel for Skolem Group, LLC; (2) Hasty Honarkar; (3) Max Prendergast, an employee of Nano Banc; and (4) Deba Shyam, Defendant's business associate. The Court heard roughly four hours of oral argument and witness testimony. For the reasons stated below, the Court grants the Motion for Reconsideration and orders Defendant detained pending trial.

## I. BACKGROUND

Defendant Mahender Makhijani was arrested pursuant to a Warrant and Criminal Complaint alleging he committed $100 million in Bank Fraud pursuant to 18 U.S.C. §§ 1344(1) and 2(b). Defendant was indicted on these charges, in addition to 18 U.S.C. § 1014 False Statement to a Bank and Criminal Forfeiture. At Defendant's Initial Appearance on June 10, 2026, the Government requested detention based on a serious risk of flight. However, based upon the Pretrial Services Report and its recommendation, and after hearing the arguments of counsel, the Court set bail in the amount of $500,000 to be secured by an affidavit of surety and real property or cash, in addition to other significant conditions.

Initials of Clerk kh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

The Government initially stated a request for a two-day stay of the bond decision so that it may appeal, which the Court granted. The Government also stated its intent to seek a Nebbia hearing should Defendant post bond. The next day, however, the Government withdrew the stay request. Upon entry of the order lifting the stay, and without arranging with the Government and the Court to set a Nebbia Hearing as previously instructed by the Court, $500,000 was deposited with the Court as collateral for Defendant's bond. Specifically, on June 11, 2016, Defendant's business associate, Mr. Deba Shyam deposited with the Court a $450,000 cashier's check as collateral for Defendant's bond. The remaining $50,000 was deposited by Defendant's wife.[1]

On June 12 and 18, 2026, at the Government's request, the Court held a hearing pursuant to United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966), to determine whether the source of Defendant's bond collateral deposited by Mr. Shyam is from a legitimate source that will reasonably assure the appearance of the Defendant as required for this case.

During the Nebbia hearing, Defendant called Mr. Shyam to testify. Mr. Shyam's testimony relevant to the Court's consideration of the Motion for Reconsideration is as follows: He is the Managing Member of Cantor Group Manager, LLC ("Cantor Group Manager"), which is the Manager of Grothendieck Group, LLC ("Grothendieck"). Grothendieck received a check in the amount of $617,496 from Travelers Insurance as payment on an umbrella insurance policy claim. The check was deposited in Grothendieck's account, which also contained other funds, on or about May 21, 2026. On June 11, 2026, $450,000 of these proceeds was used to purchase the Cashier's Check that was deposited with the Court by Mr. Shyam the same day. Mr. Shyam testified that as the Managing Member of Grothendieck and Cantor Group Manager, he has the authority to withdraw the money. Mr. Shyam also testified that he has additional authority to withdraw the money because Grothendieck owes Cantor Group Manager a Management Fee that exceeds $450,000 and Grothendieck personally owes him a Guaranty Fee that exceeds $450,000. Mr. Shyam testified Grothendieck does not carry

[1] This deposit was not challenged by the Government.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

either the Management Fee or the Guaranty Fee as a liability on its balance sheet or 2020 Tax Return. Instead, it was necessary for Mr. Shyam to calculate the fees owed separately based upon the Grothendieck Operating Agreement. Similarly, Cantor Group Manager did not carry the Management Fee as an asset on its balance sheet. Mr. Shyam also calculated the Guaranty Fee based on reference to a Promissory Note and Guaranty Agreement. Mr. Shyam could not answer what portion of the $450,000 came from the Management Fee or the Guaranty Fee. After hearing roughly three hours of witness testimony, the Court declined to accept the $450,000 cashier's check from Mr. Shyam as personal collateral for Defendant's bond in an Order entered on June 20, 2026, the details of which are incorporated here. Because it remained possible for Defendant to adequately establish the source of the funds, the declination was without prejudice. (Dkt. No. 25.)

On June 24, 2026, Defendant filed a Further Statement and Request for Forthwith Release. (Dkt. No. 31.) In the Further Statement, Defendant sought to confirm the legitimacy of the source of the $450,000 cashier's check posted by Mr. Shyam and requested forthwith release. The Further Statement included multiple declarations, including a further declaration of Deba Shyam, dated June 24, 2026. Mr. Shyam's declaration provided additional evidence that the cashier's check came from Grothendieck's bank account and was paid for Defendant's bond on account of the guarantor fee owed to Mr. Shyam.

Immediately in response, the Government filed another Request for a Nebbia Hearing. (Dkt. No. 34.) The Government informed the Court that on June 22, 2026, four days after the previous Nebbia hearing, Skolem Group LLC, the owner of the real property that is the subject of the Traveler's Insurance claim, filed for bankruptcy, Case No. 8:26-bk-11915-SC. The Government stated that it believed the payment of insurance proceeds for a Skolem Group property to Grothendiek, and the subsequent payment of those proceeds to Mr. Shyam for the posting of bond, may be a fraudulent conveyance. The Government sought documentary information supporting the Defendant's proffered declarations and to cross-examine the declarants. As a result, the Court scheduled the Nebbia hearing for June 26, 2026, and requested the appearance of Skolum Group's bankruptcy counsel with knowledge of the bankruptcy estates assets and any claim it may have to the Travelers Insurance proceeds. (Dkt. No. 35.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

Defendant withdrew his request to use Deba Shyam's funds as bond collateral the same day, without comment, and requested the further Nebbia hearing taken off calendar. (Dkt. No. 36.)

On July 10, 2026, Deba Shyam met with and was interviewed by the U.S. Attorney's Office pursuant to a signed proffer agreement. During that meeting, among other things, Mr. Shyam explained the events around obtaining the $450,000 cashier's check for Defendant's bond, which reflected Mr. Shyam presented false information to the Court. (Dkt. No. 59, Motion for Reconsideration, Exh. A.)

On August 6, 2026, new funds were presented to the Court for Defendant's bond collateral. The Government filed the at-issue Motion for Reconsideration and Objections for Defendant's Second Bond Package. (Dkt. Nos. 59 and 73, respectively.)

## II. MOTION FOR RECONSIDERATION

### A. Summary of Arguments[2]

The Government seeks reconsideration of the order granting Defendant's bond. (Dkt. No. 59.) The Government seeks detention pending trial in light of new evidence following the original detention hearing. First, the Government argues Defendant attempted to defraud the Court with his first bond package. The proposed surety, Deba Shyam, is now cooperating with the Government and admitted Defendant controls the $450,000 that was offered as bond and that the money was not Mr. Shyam's. Mr. Shyam confirmed some of the Complaint's allegations regarding Defendant's exercise of control over numerous Continuum-related entities and Defendant's practice of using people to serve in significant corporate roles on paper that do not have any significant role in the operations or control of the companies or their bank accounts. Mr. Shyam

[2] These summaries include only those arguments, facts and allegations most relevant to the Court's final decision. It is not intended to be exhaustive or to identify every argument or fact considered. The parties filed hundreds of pages of briefing and evidence. The Court heard hours of testimony. The Court has read and considered it all. This order reflects only the Court's ultimate findings and conclusions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

confirmed that his role is largely to sign documents and have his name used in corporate leadership roles and on bank accounts. For this, Mr. Shyam gets paid on an ad hoc basis and has his home and car paid for by Defendant through the business. The Government argues Defendant tried to defraud the Court by using Mr. Shaym to "wash" the proffered money before eliciting testimony he knew to be false in order to secure release.

Second, the Government argues Defendant was misleading during the bail investigation and detention hearing on at least two matters. Defendant did not report his drug use to pretrial services. (Id. at 2.) In addition, when pretrial services was investigating Defendant's financial assets, Defendant told pretrial services that he rents his home and pays $10,000 a month in rent. However, the Government has obtained evidence that Defendant controls the home through an LLC and does not pay rent. The Government argues Defendant's lack of candor to the Court weighs heavily against his release. Additionally, the Government argues Defendant's drug use is expressly listed as a factor to consider and aggravates the danger that Defendant poses to others.

Third, additional witnesses have come forward regarding Defendant's threatening and intimidating of others. One witness, Max Prendergast, detailed death threats that Defendant made to him, to, among other things, influence his testimony in a court of law. This witness feared for his safety because Defendant seemed to be "spiraling." (Id. at 3.) A second witness, Hasty Honarkar, is the daughter of a businessman discussed in the Complaint who allegedly suffered threats and intimidation at the hands of the Defendant. This witness detailed intimidation that occurred to her which she believes was perpetrated by Defendant's associates as part of the threats and intimidation directed toward her father. Ms. Honarkar detailed receiving an eviction notice to her home, being surveilled at her home and at her office, and being followed to her car. Ms. Honarkar stated that her sister moved due to fear of these intimidation efforts. (Id. at 10-11.) The Government concludes by arguing that Defendant poses an economic and physical danger and that no conditions of release can reasonably contain Defendant on bail.

Defendant opposes the Motion for Reconsideration. (Dkt. No. 70.) Defendant argues that reconsideration is not appropriate because there is no new evidence that has a material bearing on the issue of release. First, Defendant argues the Court should not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

credit Mr. Shyam's statements made in cooperation with the Government because the proffer agreement between him and the Government is the likely cause and he has a reason to provide favorable testimony. Defendant argues the Nebbia hearing functioned as intended, as a review of the source of the funds, and it is not evidence of Defendant's fraud on the Court. Defendant argues that, to the extent the Court believes the new information from Mr. Shyam, it is he, and not Defendant, who provided false testimony to the Court during the Nebbia hearing. There is no evidence that Defendant told Mr. Shyam to provide false testimony. Defendant argues the Government, and therefore the Court, had information regarding Defendant's drug use and threats against others prior to the detention hearing and therefore this information is not new evidence to be considered by the Court. Defendant argues release on bond is the rule, and detention is the exception under the Bail Reform Act, and the Government has a high burden that it has not met. Defendant denies the evidence presented by the Government.

**B. Standard on Motion for Reconsideration**

A detention hearing may be reopened for reconsideration "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). As conceded by Defendant, the Government has proffered four new pieces of information that were not known to the Government or the Court at the time of the original Detention Hearing: (1) the statements of Deba Shyam to the United States Attorneys Office on July 10, 2026, (2) the declaration of Max Prendergrast, (3) the declaration of Kyra Andrassy, and (4) the statements of Hasty Honarkar to the FBI on July 30, 2026. (Dkt. No. 70, Opposition, p. 6:19-22.) The Court finds that this new information has a material bearing on whether the conditions of release will reasonably assure the appearance of the defendant and the safety of others and the community. As such, the Government has met this threshold issue to obtain reconsideration of the court's decision regarding detention/bond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

## III. DETENTION/BOND

The Court now reconsiders the issue of Defendant's detention or release on bond. "[F]ederal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail. Only in rare circumstances should release be denied. Doubts regarding the propriety of release should be resolved in favor of the defendant." United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985) (overturning district court order of detention) (citations omitted). The Government has the burden to establish that there is a serious risk of flight and that no conditions will reasonably assure the appearance of the defendant and the safety of others and the community. The burden on flight is preponderance of the evidence and the burden on danger is clear and convincing evidence. 18 U.S.C. § 3142; Motamedi, 767 F.2d 1403 at 1406-7. In determining whether there are conditions of release that will reasonably assure the Defendant's appearance and the community's safety, the Court must consider: (1) the nature and seriousness of the offense(s) charged; (2) the weight of the evidence against defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person in the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

### A. There Is A Serious Risk Of Flight

After considering the Section 3142(g) factors, the Court finds there is a serious risk of flight. Defendant is charged with over $100 million in bank fraud and false representations to a Bank. The allegations reflect highly sophisticated means of fraud, including the creation of falsified documents, transfers of funds between accounts to shelter the source of funds, payments to individuals as bribes and use of their names in corporate capacities to deceive, and threats of physical harm and intimidation, among other things. Defendant controls more than a dozen companies but conceals his control. Defendant has control over these entities' bank accounts but conceals this control. Defendant appears to be a man of means, living in a single-family residence in the affluent community of Corona Del Mar, California, with a young child in private school with tuition of approximately $40,000 per year, and driving a paid-off Bently.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

Defendant is also a citizen of India, his brother resides there, he admits to owning real property in India that is paid off, and he has recently traveled there. Defendant also has a history of transferring money to India. Although Defendant has resided here for two decades, has family and business ties here, and did not flee despite multiple civil lawsuits and entry of a billion-dollar arbitration award against him, until the present, he has not faced the full weight of criminal prosecution by the federal government. Moreover, there are allegations by a witness that Defendant said he would flee, if necessary. The Government has met its burden to establish Defendant's serious flight risk by preponderance of the evidence.

**B. <u>There Is A Risk Of Danger</u>**

After considering the Section 3142(g) factors, the Court finds the Government has presented information indicating Defendant is a danger to others and the community. The charges are that Defendant orchestrated a $100 million fraud on the victim Bank as described in the Complaint, Indictment, and evidentiary hearings. Defendant orchestrated the use of $450,000 of fund belonging to others to be deposited for his bond. "[T]he Ninth Circuit allows district courts to assess the economic danger of a defendant's release, not just the defendant's use of force or physical violence." <u>United States v. Hoover</u>, No. CR-14-554-1-PHX-SRB, 2014 WL 2094201, at *10 (D. Ariz. May 20, 2014) (citing <u>United States v. Reynolds</u>, 956 F.2d 192 (9th Cir.1992)). Multiple individuals have told the Government that Defendant threatened to kill them or otherwise intimidated them, including as recently as this past fall. There is indicia that Defendant has paid a bribe, used serious drugs (cocaine and ketamine), and participated in prostitution. The Court finds the Government has met its burden to sufficiently support a finding Defendant is a danger to others and the community by clear and convincing evidence.

**C. <u>No Condition or Combination of Conditions of Release will Reasonably Assure Defendant's Appearance and the Safety of Others and the Community</u>**

After considering the Section 3142(g) factors, the Court finds there are no conditions of combination of conditions that will reasonably assure the Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MINUTES – GENERAL**

Case No.: 8:26-CR-00087 DOC Date: August 17, 2026

Title: *United States v. Mahender Makhijani*

appearance and the safety of others and the community. To provide reasonable assurance, compliance with conditions of release requires Defendant's good faith because conditions are too easily circumvented. See United States v. Hir, 517 F.3d 1081, 1093-94 (9th Cir. 2008) (finding the proposed conditions of release were inadequate because there was "an unacceptably high risk" that the defendant would not "comply in good faith with the proposed, or any other, conditions of release"); see also United States v. Tortora, 922 F.2d 880, 886 (1st Cir. 1990) (concluding that an elaborate and extensive list of conditions of release contained "an Achilles' heel" because "virtually all of them hinge on the defendant's good faith compliance"); see also United States v. Petersen, 557 F. Supp. 2d 1124, 1131 (E.D. Cal. 2008) (finding there was an unacceptably high risk the defendant would not comply in good faith with the release conditions because the defendant "is an admitted drug user, a thief, a liar, a false-impersonator, and has engaged in extortion and threats. . .").

The record in this case[3] provides ample examples of Defendant's actions to support a finding that Defendant does not act truthfully or with good faith. As just one example, while in custody, Defendant promoted to the Court false testimony by Deba Shyam. Mr. Shyam admits that he provided false information and testimony to the Court during Defendant's Nebbia hearing. In its simplest form, having considered all of the testimony from the Nebbia hearing and the hearing on the Motion for Reconsideration, the Court believes Mr. Shyam falsely conveyed to the Court that he is a proper personal surety because the $450,000 cashier's check was sourced from funds he was entitled to withdraw. Instead, Mr. Shyam was not personally entitled to those funds. Rather, those funds belonged to others, and as such, provide no moral force to secure Defendant's bond.

Defendant is in a position to know Mr. Shyam's testimony was inaccurate and is responsible for the presentation of this false information to the Court. Defendant is responsible because he called Mr. Shyam as a witness at the Nebbia Hearing. Defendant is responsible because he submitted to the Court yet another declaration of Mr. Shyam

[3] Specifically, the briefing related to the Nebbia Hearing, the Motion for Reconsideration, and testimony elicited during the evidentiary hearings related to both.

after the Nebbia hearing supporting the same testimony. Defendant is responsible because he never withdrew or attempted to correct the false information presented to the Court by Mr. Shyam. Defendant is responsible because Defendant is the only person that stood to benefit from Mr. Shyam's false testimony at the Nebbia hearing.

The Court is now convinced that while in custody, Defendant repeatedly promoted false information to the Court in an attempt to avoid detention. Contrary to the information provided to the Court at the initial detention hearing and Nebbia hearing, new information suggests the following: (1) Defendant uses serious drugs on a more than occasional basis and he did not disclose this information to pretrial services; (2) Defendant controls his multimillion dollar single-family home in Corona Del Mar through a company he controls and he does not pay rent to a landlord; (3) Defendant controls the bank accounts for the numerous entities that he controls; (4) Defendant promoted false testimony to the Court by Mr. Shyam in an effort to obtain approval of his first bond package using funds that belongs to others and not Mr. Shyam; and (5) Defendant has repeatedly threatened to kill and intimidate others, as recently as the fall of 2025, and including to obtain false representations related to his business and false testimony in a court of law.

The seven hours of testimony between the Nebbia Hearing and the Motion for Reconsideration provide significant support that Defendant will do anything, and cause others to say anything necessary, without regard to the truth of the matter. The Court finds there is an unacceptably high risk that the defendant would not comply in good faith with the proposed, or any other, conditions of release.

## IV. CONCLUSION

The Court finds that the Government has sustained its burden to show there is a serious flight risk and danger and that no condition or combination of conditions of release would reasonably assure Mr. Makhijani's appearance at future court proceedings and the safety of others and the community. **Defendant is ordered detained pending trial in the matter.**

**IT IS SO ORDERED.**